UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUSTIN CARRIGG, on behalf of M.C., <br><br>   Plaintiff, <br><br> v. <br><br> GALLAUDET UNIVERSITY, <br><br>   Defendant. | Civil Action Nos. <br> 19-cv-2476-EGS-MAU <br> 21-cv-1953-EGS-MAU |

## MEMORANDUM OPINION AND ORDER

On behalf of her daughter M.C., Plaintiff Austin Carrigg ("Carrigg") has brought claims against Defendant Gallaudet University ("Gallaudet") under the 1973 Rehabilitation Act and the D.C. Human Rights Act.  29 U.S.C. § 794; D.C. Code § 2-1402.41.  Before the Court are: 1) Carrigg's Motion for Leave to File a Second Amended Complaint (ECF No. 33); and 2) Gallaudet's Motion to Dismiss Carrigg's First Amended Complaint in Case No. 19-cv-2476 ("Carrigg I") and Carrigg's Complaint in Case No. 21-cv-1953 ("Carrigg II").  (ECF No. 23).

For the reasons set forth below, the Court **GRANTS** Carrigg's motion to amend and **DENIES** Gallaudet's motion to dismiss without prejudice.

## FACTUAL BACKGROUND

Carrigg filed her initial complaint against Gallaudet University on August 15, 2019.  (ECF No. 1).  While Gallaudet's first motion to dismiss was pending, Carrigg filed a motion to stay the proceedings on the basis that Carrigg's administrative proceeding against Gallaudet was still pending.  (ECF No. 10).  Gallaudet consented to the stay so that Carrigg might exhaust her administrative remedies prior to resuming the litigation.  The Court granted the request and stayed the case on January 23, 2020.  The Court lifted the stay on May 25, 2021, and Carrigg filed her

1

First Amended Complaint on July 19, 2021. (ECF No. 19). The Court accepted the First Amended Complaint on August 13, 2021 and consolidated Carrigg's appeal from her administrative challenge (Case No. 21-cv-1953) with this case. Gallaudet moved to dismiss the First Amended Complaint on August 19, 2021. (ECF No. 23).

Instead of responding to the motion to dismiss, Carrigg moved for leave to amend her Complaint a second time on September 29, 2021. (ECF. No. 26). The Court denied Carrigg's motion without prejudice for failure to comply with the Court's standing order. Carrigg has now refiled, seeking leave to file a Second Amended Complaint. (ECF No. 33). Gallaudet opposes Carrigg's motion to amend, arguing, among other things, that Carrigg has acted with bad faith and that the amended complaint is futile.

## ANALYSIS

Federal Rule of Civil Procedure 15 governs amendment of pleadings. The rule states that a party may amend its pleading once as a matter of course within: 1) 21 days after serving it, or 2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or leave of the Court. *Id.* at 15(b).

As the rule states, however, the Court must freely give leave when justice so requires. *Id.* at 15(b). Indeed, it is an abuse of discretion to deny leave to amend without a sufficient reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, in light of the well-settled law allowing liberal amendments, the Court will grant Carrigg's request. This case is still at the pleading stage, and discovery has not yet begun. There does not appear to be any undue prejudice to Gallaudet, nor does Gallaudet point to any. Moreover, there is no support for Gallaudet's claim that Carrigg has acted in bad faith. (ECF No. 34-1 at 2). Finally, although the Court is concerned with Carrigg's inability to adhere to deadlines in this case (addressed further below), the record does not reflect that Carrigg has intentionally sought to delay the proceedings by filing this motion.

Although the Court will grant Carrigg's motion, Carrigg should be mindful that Rule 15 does not allow her unlimited opportunities to amend her complaint. As the Advisory Committee makes clear, Rule 15 was amended in 2009 to allow one amendment as of right after the service of a motion under Rule 12(b), (e), or (f). That change was made to "force the pleader *to consider carefully and promptly* the wisdom of amending to meet the arguments in the motion." Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment. (emphasis added).

In other words, the Court may decline to allow future amendments in the interest of justice if the facts were known to Carrigg at the time she filed her First or Second Amended Complaints. This is particularly true if future requests for amendment will prolong proceedings in light of the extensions Carrigg has already sought in this case. Specifically, a review of the docket reflects that Carrigg has filed repeated requests for extension of time, which have largely been on account of her counsel's busy schedule. This led the Court on November 12, 2021 to order that "[f]uture requests for extension of time shall not be filed absent an exigent circumstance." Because the stay is now lifted, the Court expects that Carrigg will move forward with prosecuting her case with diligence. The Court will consider any substantive arguments for dismissal under Rule 12(b) in

connection with any motion to dismiss the Second Amended Complaint should Gallaudet decide to pursue one.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Carrigg's Motion to file a Second Amended Complaint and **DENIES** Gallaudet's Motion to Dismiss without prejudice.

SO ORDERED.

Date: October 18, 2022

_____
MOXILA A. UPADHYAYA
United States Magistrate Judge